FILED
2/26/2021 10:58 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

2021L002185

FILED DATE: 2/26/2021 10:58 AM  2021L002185

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

CHRISTOPHER ZAMORA

_____
Plaintiff(s)

v.

HOME DEPOT U.S.A., INC., a foreign
corporation

_____
Defendant(s)

Registered Agent: Illinois Corporation Service
801 Adlai Stevenson Dr., Springfield, IL 62703

_____
Address of Defendant(s)

Case No. _____

Please serve as follows (check one):  ○ Certified Mail  ⦿ Sheriff Service  ○ Alias

### SUMMONS

To each Defendant:  **HOME DEPOT U.S.A, INC.**

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE.** You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

3-15-2021          20191117013          6020210315020550

**Summons - Alias Summons** **(12/01/20) CCG 0001 B**

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www. illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 62497
○ Pro Se 99500

Name: Thomas G. Gorman

Atty. for (if applicable):

Plaintiff

Address: 30 N. LaSalle St., Suite 4020

City: Chicago

State: IL  Zip: 60602

Telephone: (312) 736-1111

Primary Email: Tom@krlawgroup.com

Witness date _____ 2/26/2021 10:58 AM IRIS Y. MARTINEZ _____

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 2 of 3

3-15-2021          20191117013          6020210315020550

**FILED DATE: 2/26/2021 10:58 AM  2021L002185**

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION

**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5133

### CIVIL DIVISION

**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5116

### COUNTY DIVISION

**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION

**Court date EMAIL:** DRCourtDate@cookcountycourt.com
                                OR
                ChildSupCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6300

### DOMESTIC VIOLENCE

**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:     (312) 325-9500

### LAW DIVISION

**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5426

### PROBATE DIVISION

**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6441

### ALL SUBURBAN CASE TYPES

#### DISTRICT 2 - SKOKIE

**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:     (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS

**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:     (847) 818-3000

#### DISTRICT 4 - MAYWOOD

**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:     (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW

**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:     (708) 974-6500

#### DISTRICT 6 - MARKHAM

**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:     (708) 232-4551

3-15-2021                                        20191117013                                        6020210315020550

**12-Person Jury**

#62497

FILED
2/26/2021 10:58 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

2021L002185

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CHRISTOPHER ZAMORA, )
)
    Plaintiff, )
)
v. )   No.
)
)   *Plaintiff Demands Trial by Jury*
)
HOME DEPOT U.S.A., INC., a foreign )
corporation, )
)
    Defendant. )

### COMPLAINT AT LAW

Plaintiff, CHRISTOPHER ZAMORA, through his attorneys, KRZAK RUNDIO LAW

GROUP, LLC, and DURAN LAW OFFICES, for his Complaint against Defendant, HOME

DEPOT U.S.A., INC., (hereinafter "HOME DEPOT"), a foreign corporation, alleges as follows:

### COUNT I – DIRECT NEGLIGENCE
### HOME DEPOT U.S.A., INC.

1.    On and before November 1, 2019, and at all times relevant hereto, Defendant,

HOME DEPOT, owned, operated, managed, maintained and/or controlled a home

improvement retail store commonly known as Home Depot located at 475 S. Schmale Road, Carol

Stream, Cook County, Illinois (hereafter "Store").

2.    On and before November 1, 2019, and at all times relevant hereto, HOME DEPOT

owned, operated, maintained, inspected, and/or controlled the premises in and around said store.

3.    On and before November 1, 2019, and at all times relevant hereto, HOME DEPOT

invited persons onto its premises for the purpose of selling construction-related products, tools,

equipment and/or other materials including but not limited to hardwood flooring material.

1

FILED DATE: 2/26/2021 10:58 AM  2021L002185

FILED DATE: 2/28/2021 10:58 AM    2021L002185

4.      On November 1, 2019, Plaintiff, CHRISTOPHER ZAMORA (hereinafter "ZAMORA"), was a business invitee at the aforementioned premises and was lawfully present at said Store.

5.      On November 1, 2019, and at all times relevant hereto, a pallet jack owned, controlled and maintained by HOME DEPOT, existed at the Store for use by currently unknown authorized employees, agents, and/or apparent agents of   HOME DEPOT in order to transport pallets of materials, including hardwood flooring, in and around the Store for display and sale to customers.

6.      On November 1, 2019, and at all times relevant hereto, HOME DEPOT permitted said pallet jack to be placed in an unprotected, unsecured or otherwise dangerous condition in the Store where customers were known to walk while shopping for home improvement products.

7.      On November 1, 2019, ZAMORA was present at the aforementioned Store intending to purchase materials and was assisted in said purchase by a currently unknown authorized employees, agents, and/or apparent agents of HOME DEPOT.

8.      On November 1, 2019, and at all times relevant hereto, HOME DEPOT owned, inspected, maintained, managed and controlled the pallet jack that was used by currently unknown authorized employees, agents, and/or apparent agents of HOME DEPOT in order to transport the pallets of materials including hardwood flooring for purchase by ZAMORA.

9.      On November 1, 2019, ZAMORA was caused to trip and fall after he encountered the pallet jack that was unprotected, unsecured or in an otherwise dangerous condition in the Store aisle intended for use by Store customers.

2

FILED DATE: 2/26/2021 10:58 AM 2021L002185

10.     On and before November 1, 2019, HOME DEPOT knew or in the exercise of reasonable care should have known that the placement of said unprotected and unsecured pallet jack in an area where customers were known to walk while shopping for hardwood flooring materials at the aforesaid Store presented a tripping hazard.

11.     On and before November 1, 2019, HOME DEPOT knew or in the exercise of reasonable care should have known that the unprotected and unsecured pallet jack that existed in an area where customers were known to walk while shopping for hardwood flooring materials at the aforesaid Store created an unsafe and dangerous condition.

12.     On and before November 1, 2019, HOME DEPOT knew or in the exercise of reasonable care should have known that the area in which the unprotected and unsecured pallet jack existed was an area that business invitees, including ZAMORA, would encounter and walk across while shopping at the Store.

13.     On and before November 1, 2019, HOME DEPOT could reasonably expect that business invitees at the aforesaid premises would not discover or realize the unprotected and unsecured pallet jack existed at the Store.

14.     On and before November 1, 2019, HOME DEPOT had a duty to maintain the aforesaid premises in a reasonably safe manner so as to avoid injuries to persons lawfully on the premises, including ZAMORA.

15.     Notwithstanding said duty and in breach thereof, HOME DEPOT committed one or more of the following negligent acts and/or omissions:

       a.    Negligently and carelessly failed to train and/or teach its currently unknown authorized employees, agents and/or apparent agents on how to properly operate, maintain and control the pallet jack;

3

FILED DATE: 2/26/2021 10:58 AM   2021L002185

b.    Negligently and carelessly failed to train and/or teach its currently unknown authorized employees, agents and/or apparent agents on how to properly secure the pallet jack in the Store aisle;

c.    Negligently and carelessly failed to train and/or teach its currently unknown authorized employees, agents and/or apparent agents on proper procedures for securing the pallet jack in the Store aisle where customers are present;

d.    Negligently and carelessly failed to train and/or teach its currently unknown authorized employees, agents and/or apparent agents on how to erect or position warning signs, triangles and/or cones to warn customers of the hazard posed by the pallet jack existing in the Store aisle where customers are present;

e.    Negligently and carelessly failed to train and/or teach its currently unknown authorized employees, agents and/or apparent agents on how to warn customers of the hazard posed by a pallet jack existing in the Store aisle where customers are walking;

f.    Negligently and carelessly failed to create, utilize and enforce adequate rules and procedures for its currently unknown authorized employees, agents and/or apparent agents on the use of the pallet jack to assist customers at the Store for moving and/or transporting products such as hardwood flooring materials;

g.    Negligently and carelessly failed to train its currently unknown authorized employees, agents and/or apparent agents on how to properly inspect the Store premises so as to detect dangerous conditions that could cause the Plaintiff to trip and fall, including the unsecured and unprotected pallet jack; and,

h.    Negligently and carelessly failed to train and/or teach its currently unknown authorized employee, agent and/or apparent agent on how to use, operate, control and/or secure the pallet jack properly and safely in an area where it was known customers would be present and walking while shopping during business hours.

16.    As a direct and proximate result of one or more of the above negligent acts and/or omissions of HOME DEPOT the unsecured and unprotected pallet jack presented an unreasonable risk of harm to persons lawfully on the premises, including ZAMORA.

FILED DATE: 2/26/2021 10:58 AM 2021L002185

17. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of HOME DEPOT, Plaintiff, CHRISTOPHER ZAMORA, was caused to trip and fall and sustain injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, CHRISTOPHER ZAMORA, prays that judgment be entered in his favor and against Defendant, HOME DEPOT U.S.A., INC., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II – VICARIOUS LIABILITY
## HOME DEPOT U.S.A., INC.

1. On and before November 1, 2019, and at all times relevant hereto, Defendant, HOME DEPOT, owned, operated, managed, maintained and/or controlled a home improvement retail store commonly known as Home Depot located at 475 S. Schmale Road, Carol Stream, Cook County, Illinois (hereafter "Store").

2. On and before November 1, 2019, and at all times relevant hereto, HOME DEPOT owned, operated, maintained, inspected, and/or controlled the premises in and around said Store.

3. On and before November 1, 2019, and at all times relevant hereto, HOME DEPOT invited persons onto its premises for the purpose of selling construction-related products, tools, equipment and/or materials including but not limited to hardwood flooring material.

4. On November 1, 2019, Plaintiff, CHRISTOPHER ZAMORA (hereinafter "ZAMORA"), was a business invitee at the aforementioned premises and was lawfully present at said Store.

5

FILED DATE: 2/26/2021 10:58 AM   2021L002185

5.      On November 1, 2019, and at all times relevant hereto, a pallet jack owned, controlled and maintained by HOME DEPOT, existed at the Store for use by currently unknown authorized employees, agents, and/or apparent agents of HOME DEPOT in order to transport pallets of materials, including hardwood flooring, in and around the Store for display and sale to customers.

6.      On November 1, 2019, and at all times relevant hereto, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, permitted said pallet jack to exist in an unprotected, unsecured or otherwise dangerous condition in the Store where customers were known to walk while shopping for home improvement products.

7.      On November 1, 2019, ZAMORA was present at the aforementioned Store in order to purchase materials and was assisted in said purchase by currently unknown authorized employees, agents, and/or apparent agents of HOME DEPOT.

8.      On November 1, 2019, and at all times relevant hereto, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, owned, inspected, maintained, managed and controlled said pallet jack that was used by a currently unknown authorized employee, agent, and/or apparent agent of HOME DEPOT in order to transport the pallets of materials, including hardwood flooring for purchase by ZAMORA.

9.      On November 1, 2019, ZAMORA was caused to trip and fall after he encountered said unprotected, unsecured or in an otherwise dangerous pallet jack in the Store aisle.

10.     On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, knew or in the exercise of reasonable care should have known that the unprotected and unsecured pallet jack that existed in

6

FILED DATE: 2/26/2021 10:58 AM  2021L002185

an area where customers were known to walk while shopping for hardwood flooring materials at the aforesaid Store presented a tripping hazard.

11.     On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, knew or in the exercise of reasonable care should have known that the unprotected and unsecured pallet jack that existed in an area where customers were known to walk while shopping for hardwood flooring materials at the aforesaid Store created an unsafe condition.

12.     On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, knew or in the exercise of reasonable care should have known that the area in which the unprotected and unsecured pallet jack existed was an area that business invitees, including ZAMORA, would encounter and walk across while shopping for materials at the Store.

13.     On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, could reasonably expect that business invitees at the aforesaid premises would not discover or realize the unprotected and unsecured pallet jack existed at the Store.

14.     On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, had a duty to maintain the aforesaid premises in a reasonably safe manner so as to avoid injuries to persons lawfully on the premises, including ZAMORA.

15.     Notwithstanding said duty and in breach thereof, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, committed one or more of the following negligent acts and/or omissions:

7

a. Negligently and carelessly failed to properly operate, maintain, control and/or secure the pallet jack that existed at the Store;

b. Negligently and carelessly failed to properly secure the pallet jack in the Store aisle where customers were present;

c. Negligently and carelessly failed to erect or position warning signs, triangles and/or cones to warn customers of the hazard of the pallet jack existing in the Store aisle where customers are present;

d. Negligently and carelessly failed to warn customers of the hazard posed by a pallet jack existing in the Store aisle where customers are walking;

e. Failed to maintain the premises so as to prevent defects which could cause the Plaintiff to trip and fall;

f. Negligently and carelessly failed to properly inspect the Store premises so as to detect dangerous conditions that could cause the Plaintiff to trip and fall, including the unsecured and unprotected pallet jack; and,

g. Negligently and carelessly failed to use, operate, control and/or secure the pallet jack properly and safely in an area where it was known customers would be present and walking while shopping during business hours.

16. On November 1, 2019, as a direct and proximate result of one or more of the above negligent acts and/or omissions of HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, the unsecured and unprotected pallet jack presented an unreasonable risk of harm to persons lawfully on the premises, including ZAMORA.

17. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, Plaintiff, CHRISTOPHER ZAMORA, was caused to trip and fall and sustain injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, CHRISTOPHER ZAMORA, prays that judgment be entered in his favor and against Defendant, HOME DEPOT U.S.A., INC., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

8

FILED DATE: 2/26/2021 10:58 AM 2021L002185

FILED DATE: 2/26/2021 10:58 AM  2021L002185

## COUNT III – PREMISES LIABILITY
## HOME DEPOT U.S.A., INC.

1.     On and before November 1, 2019, and at all times relevant hereto, Defendant, HOME DEPOT, owned, operated, managed, maintained and/or controlled a home improvement retail store commonly known as Home Depot located at 475 S. Schmale Road, Carol Stream, Cook County, Illinois (hereafter "Store").

2.     On and before November 1, 2019, and at all times relevant hereto, HOME DEPOT owned, operated, maintained, inspected, and/or controlled the premises in and around said store.

3.     On and before November 1, 2019, and at all times relevant hereto, HOME DEPOT invited persons onto its premises for the purpose of selling construction-related products, tools, equipment and/or materials including but not limited to hardwood flooring material.

4.     On November 1, 2019, Plaintiff, CHRISTOPHER ZAMORA (hereinafter "ZAMORA"), was a business invitee at the aforementioned premises and was lawfully present at said Store.

5.     On November 1, 2019, and at all times relevant hereto, a pallet jack owned, controlled and maintained by HOME DEPOT, existed at the Store for use by currently unknown authorized employees, agents, and/or apparent agents of   HOME DEPOT in order to transport pallets of materials, including hardwood flooring, in and around the Store for display and sale to customers.

6.     On November 1, 2019, and at all times relevant hereto, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, permitted said pallet jack to exist in an unprotected, unsecured or otherwise dangerous condition in the Store where customers were known to walk while shopping for home improvement products.

3-15-2021                                    20191117013                                    6020210315020550

FILED DATE: 2/26/2021 10:58 AM    2021L002185

7.      On November 1, 2019, ZAMORA was present at the aforementioned Store in order to purchase hardwood flooring materials and was assisted in said purchase by a currently unknown authorized employee, agent, and/or apparent agent of HOME DEPOT.

8.      On November 1, 2019, and at all times relevant hereto, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, owned, inspected, maintained, managed and controlled the pallet jack that was used by a currently unknown authorized employee, agent, and/or apparent agent of HOME DEPOT, in order to transport the pallets of hardwood flooring for purchase by Plaintiff.

9.      On November 1, 2019, ZAMORA was caused to trip and fall after he encountered unprotected, unsecured or in an otherwise dangerous pallet jack in the Store aisle.

10.     On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, knew or in the exercise of reasonable care should have known that the unprotected and unsecured pallet jack that existed in an area where customers were known to walk while shopping for hardwood flooring materials at the aforesaid Store presented a tripping hazard.

11.     On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, knew or in the exercise of reasonable care should have known that the unprotected and unsecured pallet jack that existed in an area where customers were known to walk while shopping for hardwood flooring materials at the aforesaid Store created an unsafe condition.

12.     On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, knew or in the exercise of reasonable care should have known that the area in which the unprotected and unsecured pallet

10

jack existed was an area that business invitees, including ZAMORA, would encounter and walk across while shopping for materials at the Store.

13.     On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, could reasonably expect that business invitees at the aforesaid premises would not discover or realize the unprotected and unsecured pallet jack existed at the Store.

14.     On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, had a duty to maintain the aforesaid premises in a reasonably safe manner so as to avoid injuries to persons lawfully on the premises, including ZAMORA.

15.     On and before November 1, 2019, and for some time prior thereto, there was in full force and effect in the State of Illinois, a certain Act commonly referred to as the Premises Liability Act, establishing the duty of an owner to entrants on the property, which stated in pertinent part:

> The duty owed to such entrants is that of reasonable care under the circumstances regarding the state of the premises or acts done or committed on them.

740 ILCS 130/2

16.     At all times relevant hereto, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, had a duty to exercise reasonable care under the circumstances regarding the state of the premises or acts done or committed on the premises.

17.     Notwithstanding said duty and in breach thereof, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, failed to exercise reasonable care and thereby violated the aforesaid Premises Liability Act in one or more of the following respects:

11

FILED DATE: 2/28/2021 10:58 AM    2021L002185

FILED DATE: 2/26/2021 10:58 AM   2021L002185

a.  Failed to inspect the Store premises so as to detect defects that could cause the Plaintiff to trip and fall, including the unsecured and unprotected pallet jack;

b.  Negligently and carelessly failed to properly secure the pallet jack in the Store aisle where customers were present;

c.  Negligently and carelessly failed to erect or position warning signs, triangles and/or cones to warn customers of the hazard of the pallet jack existing in the Store aisle where customers are present;

d.  Negligently and carelessly failed to warn customers of the hazard posed by a pallet jack existing in the Store aisle where customers are walking;

e.  Failed to maintain the premises so as to prevent defects which could cause the Plaintiff to trip and fall;

f.  Negligently and carelessly failed to properly inspect the Store premises so as to detect dangerous conditions that could cause the Plaintiff to trip and fall, including the unsecured and unprotected pallet jack; and,

g.  Negligently and carelessly failed to use, operate, control and/or secure the pallet jack properly and safely in an area where it was known customers would be present and walking while shopping during business hours.

18.  As a direct and proximate result of Defendant's violation of the Premises Liability Act, the Plaintiff, CHRISTOPHER ZAMORA, was caused to trip and fall and sustain injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, CHRISTOPHER ZAMORA, prays that judgment be entered in his favor and against Defendant, HOME DEPOT U.S.A., INC., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

s/*Thomas G. Gorman*
**KRZAK RUNDIO LAW GROUP, LLC**
Attorneys for Plaintiff

12

FILED DATE: 2/25/2021 10:58 AM    2021L002185

Thomas G. Gorman
Terence P. Naughton
**KRZAK RUNDIO LAW GROUP, LLC**
30 N. LaSalle St., Suite 4020
Chicago, IL 60602
312.736.1111
Fax: 312.736.11
tom@krlawgroup.com
terry@krlawgroup.com

Octavio Duran
**DURAN LAW OFFICES**
30 N. LaSalle St., Suite 4020
Chicago, IL 60602
312.300.0473
oduran@dlochicago.com

## AFFIDAVIT PURSUANT TO RULE 222(b)

Thomas G. Gorman states that if called will testify as follows:

1. I am one of the attorneys for the Plaintiff, Christopher Zamora;

2. I am familiar with the extent of damages suffered by Plaintiff;

3. The total money damages sought herein exceeds $50,000.00 exclusive of costs.

s/ *Thomas G. Gorman*

## CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that, at this time, the statements set forth in this instrument are true and correct to the best of my knowledge, information and belief.

s/ *Thomas G. Gorman*

13

3-15-2021                20191117013                6020210315020550

Firm No 39907

17376 NBH/MEP HDR
FILED
8/13/2021 2:04 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L002185
14431769

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER ZAMORA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **2021 L 002185** |
| **HOME DEPOT, U.S.A., INC. a foreign** | ) | |
| | ) | |
| **corporation** | ) | |
| | ) | |
| **Defendants.** | ) | |

**APPEARANCE AND JURY DEMAND\***

The undersigned, as attorney, enters the appearance of Defendant:

HOME DEPOT, U.S.A., INC.

\*This Defendant hereby demands trial by jury.

/s/ Noel B. Haberek, Jr.
Noel B. Haberek, Jr.

**MCVEY & PARSKY, LLC**
30 N. LaSalle Street, Suite 2100
Chicago, Illinois 60602
Ph.: 312-551-2130
Fax: 312/551-2131
Email: nbh@mcveyparsky-law.com
Firm No: 39907

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/ Noel B. Haberek, Jr.
Attorney for Defendant

FILED DATE: 8/13/2021 2:04 PM 2021L002185

FILED
8/13/2021 2:04 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L002185
14431769

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - LAW DIVISION**

| | |
|---|---|
| CHRISTOPHER ZAMORA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )     **2021 L 002185** |
| HOME DEPOT, U.S.A., INC. a foreign | ) |
| | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT HOME DEPOT U.S.A INCs ANSWER**
**TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES, the Defendant, **HOME DEPOT, U.S.A., INC. ("Home Depot")** by and through his attorneys, **McVEY & PARSKY LLC.,** and in answer to Plaintiff's Complaint at Law, states as follows:

**COUNT I (DIRECT NEGLIGENCE)**
**HOME DEPOT, U.S.A., INC.**

1. On or about November 1, 2019, and at all times relevant hereto, Defendant, HOME DEPOT, owned, operated, managed, maintained and/or controlled a home improvement retail store commonly known as Home Depot located at 475 S. Schmale Road, Carol Stream, Cook County, Illinois (hereafter "Store").

**ANSWER: Defendant Home Depot admits that the store was leased but denies the vague remaining allegations contained in paragraph 1 of Count I of Plaintiff's Complaint at Law.**

2. On and before November 1, 2019, and at all times relevant thereto, HOME DEPOT owned, operated, maintained, inspected, and/or controlled the premises in and around said store.

**ANSWER: Defendant Home Depot admits that the store was leased but denies the vague**

-1-

FILED DATE: 8/13/2021 2:04 PM    2021L002185

remaining allegations contained in paragraph 2 of Count II of Plaintiff's Complaint at Law.

3.        On and before November 1, 2019, and at all times relevant thereto, HOME DEPOT invited persons onto its premises for  the purpose of selling construction-related products, tools, equipment and/or materials including but not limited to hardware flooring material.

**ANSWER:  Defendant Home Depot admits the allegations contained in paragraph 3 of Count I of Plaintiff's Complaint at Law.**

4.        On November 1, 2019, Plaintiff CHRISTOPHER ZAMORA (hereinafter "ZAMORA"), was a business invitee at the aforementioned premises and was lawfully present at said Store.

**ANSWER: Defendant Home Depot  denies the allegations contained in paragraph 4 of Count I of Plaintiff's Complaint at Law.**

5.         On November 1, 2019, and at all times relevant thereto, a pallet jack owned, controlled and maintained by HOME DEPOT, existed at the Store for use by currently unknown authorized employees, agents, and/or apparent agents of HOME DEPT in order to transport pallets of materials, including hardwood flooring, in and around the Store for display and sale to customers.

**ANSWER:  Defendant Home Depot denies the allegations contained in paragraph 5 of Count I of Plaintiff's Complaint at Law.**

6.        On November 1, 2019, and at all times relevant thereto, HOME DEPOT permitted said pallet jack to be placed in an unprotected, unsecured or otherwise dangerous condition in the Store where customers were known to walk while shopping for home improvement products.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 6 of Count I of Plaintiff's Complaint at Law.**

7.        On November 1, 2019, ZAMORA was present at the aforementioned Store intending to

FILED DATE: 8/13/2021 2:04 PM   2021L002185

purchase materials and was assisted in said purchase by a currently unknown authorized employee, agents, and/or apparent agents of HOME DEPOT.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 7 of Count I of Plaintiff's Complaint at Law.**

8.     On November 1, 2019, and at all times relevant thereto, HOME DEPOT owned, inspected, maintained, managed and controlled the pallet jack that was used by currently unknown authorized employees, agents, and/or apparent agents of HOME DEPOT in order to transport the pallets of materials including hardwood flooring for purchase by ZAMORA.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 8 of Count I of Plaintiff's Complaint at Law.**

9.     On November 1, 2019, ZAMORA was caused to trip and fall after he encountered the pallet jack that was unprotected, unsecured or in an otherwise dangerous condition in the Store aisle intended for use by Store customers.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 9 of Count I of Plaintiff's Complaint at Law.**

10.     On and before November 1, 2019, HOME DEPOT knew or in the exercise of reasonable care should have known that the placement of said unprotected and unsecured pallet jack in an area where customers were known to walk while shopping for hardwood flooring materials at the aforesaid Store presented a tripping hazard.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 10 of Count I of Plaintiff's Complaint at Law.**

11.     On and before November 1, 2019, HOME DEPOT knew or in the exercise of reasonable care should have known that the unprotected and unsecured pallet jack that existed in an area

-3-

FILED DATE: 8/13/2021 2:04 PM   2021L002185

where customers were known to walk while shopping for hardwood flooring materials at the aforesaid Store created an unsafe and dangerous condition.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 11 of Count I of Plaintiff's Complaint at Law.**

12.     On or before November 1, 2019, HOME DEPOT knew or in the exercise of reasonable care should have known that the area in which the unprotected and unsecured pallet jack existed was an area that business invitees, including ZAMORA, would encounter and walk across while shopping at the Store.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 12 of Count I of Plaintiff's Complaint at Law.**

13.     On and before November 1, 2019, HOME DEPOT could reasonably expect that business invitees at the aforesaid premises would not discover or realize the unprotected and unsecured pallet jack existed at  the Store.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 13 of Count I of Plaintiff's Complaint at Law.**

14.     On and before November 1, 2019, HOME DEPOT had a duty to maintain the aforesaid premises in a reasonably safe manner so as to avoid injuries to persons lawfully on the premises, including ZAMORA.

**ANSWER: Defendant Home Depot admits those duties imposed upon it by law but states that the plaintiff has incorrectly stated those duties and therefore denies the allegations contained in paragraph 14 of Count I of Plaintiff's Complaint at Law.**

15.     Notwithstanding said duty and in breach thereof, HOME DEPOT committed one or more of the following negligent acts and/or omissions:

-4-

FILED DATE: 8/13/2021 2:04 PM   2021L002185

a.    Negligently and carelessly failed to train and/or teach its currently unknown authorized employees, agents and/or apparent agents on how to properly operate, maintain and control the pallet jack;

b.    Negligently and carelessly failed to train and/or teach its currently unknown authorized employees, agents and/or apparent agents on how to properly secure the pallet jack in the Store aisle;

c.    Negligently and carelessly failed to train and/or teach its currently unknown authorized employees, agents and/or apparent agents on proper procedures for securing the pallet jack in the Store aisle where customers are present;

d.    Negligently and carelessly failed to train and/or teach its currently unknown authorized employees, agents and/or apparent agents on how to erect or position warning signs, triangles and/or cones to warn customers of the hazard posed by the pallet jack existing in the Store aisle where customers are present;

e.    Negligently and carelessly failed to train and/or teach its currently unknown authorized employees, agents and/or apparent agents on how to warn customers of the hazard posed by a pallet jack existing in the Store aisle where customers are walking;

f.    Negligently and carelessly failed to create, utilize and enforce adequate rules and procedures for its currently unknown authorized employees, agents and/or apparent agents on the use of the pallet jack to assist customers at the Store for moving and/or transporting products such as hardwood flooring materials;

g.    Negligently and carelessly failed to train its currently unknown authorized employees, agents and/or apparent agents on how to properly inspect the Store premises so as to detect dangerous conditions that would cause the Plaintiff' to trip

FILED DATE: 8/13/2021 2:04 PM    2021L002185

and fall, including the unsecured and protected pallet jack; and

h.      Negligently and carelessly failed to train and/or teach its currently unknown

authorized employee, agent and/or apparent agent on how to use, operate, control

and/or secure the pallet jack properly and safely in an area where it was known

customers would be present and walking while shopping

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 15 of**

**Count I of Plaintiff's Complaint at Law including subparagraphs a-h.**

16.      As a direct and proximate result of one or more of the above negligent acts and/or

omissions of HOME DEPOT the unsecured and unprotected pallet jack presented an

unreasonable risk of harm to persons lawfully on the premises, including ZAMORA.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 16 of**

**Count I of Plaintiff's Complaint at Law.**

17.      As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of HOME DEPOT, Plaintiff, CHRISTOPHER ZAMORA, was caused to trip and fall

and sustain injuries of a personal, permanent and pecuniary nature.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 17 of**

**Count I of Plaintiff's Complaint at Law.**

WHEREFORE, Defendant Home Depot U.S.A. Inc prays that this court enter judgment in

its favor and against the Plaintiff and dismiss the Plaintiff's complaint with prejudice and with

costs.

**COUNT II -VICARIOUS LIABILITY**
**HOME DEPOT U.S.A., INC.**

1.      On and before November 1, 2019, and at all times relevant hereto, Defendant, HOME DEPOT,

FILED DATE: 8/13/2021 2:04 PM    2021L002185

owned, operated, managed, maintained and/or controlled a home improvement retail store commonly known as Home Depot located at 475 S. Schmale Road, Carol Stream, Cook County, Illinois (hereafter "Store").

**ANSWER: Defendant Home Depot admits that the store was leased but denies the vague remaining allegations contained in paragraph 1 of Count II of Plaintiff's Complaint at Law.**

2.      On and before November 1, 2019, and at all times relevant hereto, HOME DEPOT owned, operated, maintained, inspected, and/or controlled the premises in  and around said Store.

**ANSWER: Defendant Home Depot admits that the store was leased but denies the vague remaining allegations contained in paragraph 2 of Count II of Plaintiff's Complaint at Law.**

3.      On and before November 1, 2019, and at all times relevant hereto, HOME DEPOT invited persons onto its premises for the purpose of selling construction-related products, tools, equipment and/or materials including but not limited to hardwood flooring material.

**ANSWER: Defendant Home Depot admits the allegations contained in paragraph 3 of Count II of Plaintiff's Complaint at Law.**

4.       On November 1, 2019, Plaintiff, CHRISTOPHER ZAMORA (hereinafter "ZAMORA"), was a business invitee at the aforementioned premises and was lawfully present at said Store.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 4 of Count II of Plaintiff's Complaint at Law.**

5.      On November 1, 2019, and at all times relevant hereto, a pallet jack owned, controlled and maintained by HOME DEPOT, existed at the Store for use by currently unknown authorized employees,

FILED DATE: 8/13/2021 2:04 PM    2021L002185

agents and/or apparent agents of HOME DEPOT in order to transport pallets of materials, including flooring, in and around the Store for display and sale to customers.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 5 of Count II of Plaintiff's Complaint at Law.**

6.      On November 1, 2019, and at all times relevant hereto, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, permitted said pallet jack to exist in an unprotected, unsecured or otherwise dangerous conditions in the Store where customers were known to walk while shopping for home improvement products.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 6 of Count II of Plaintiff's Complaint at Law.**

7.      On November 1, 2019, ZAMORA was present at the aforementioned Store in order to purchase materials and was assisted in said purchase by currently unknown authorized employees, agents, and/or apparent agents of HOME DEPOT.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 7 of Count II of Plaintiff's Complaint at Law.**

8.      On November 1, 2019, and at all times relevant hereto, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, owned, inspected, maintained, managed and controlled said pallet jack that was used by a currently unknown authorized employee, agent, and/or apparent agent of HOME DEPOT in order to transport the pallets of materials, including hardwood flooring for purchase by ZAMORA.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 8 of Count II of Plaintiff's Complaint at Law.**

-8-

FILED DATE: 8/13/2021 2:04 PM    2021L002185

9.      On November 1, 2019, ZAMORA was caused to trip and fall after he encountered said unprotected, unsecured or in an otherwise dangerous pallet jack in the Store aisle.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 9 of Count II of Plaintiff's Complaint at Law.**

10.     On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, knew or in the exercise of reasonable care should have known that the unprotected and unsecured pallet jack that existed in an area where customers were known to walk while shopping for hardwood flooring materials at the aforesaid Store presented a tripping hazard.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 10 of Count II of Plaintiff's Complaint at Law.**

11.     On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, knew or in the exercise of reasonable care should have known that the unprotected and unsecured pallet jack that existed in an area where customers were known to walk while shopping for hardwood flooring materials at the aforesaid Store created an unsafe condition.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 11 of Count II of Plaintiff's Complaint at Law.**

12.     On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, knew or in the exercise of reasonable care should have known that the area in which the unprotected and unsecured pallet jack existed was an area that business invitees, including ZAMORA, would encounter and walk across while shopping for materials

FILED DATE: 8/13/2021 2:04 PM    2021L002185

at the Store.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 12 of Count II of Plaintiff's Complaint at Law.**

13.     On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents and/or apparent agents, could reasonably expect that business invitees at the foresaid premises would not discover or realize the unprotected and unsecured pallet jack existed at the Store.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 13 of Count II of Plaintiff's Complaint at Law.**

14.     On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents and/or apparent agents, had a duty to maintain the aforesaid premises in a reasonably safe manner as to avoid injuries to persons lawfully on the premises, including ZAMORA.

**ANSWER: Defendant Home Depot admits those duties imposed upon it by law but states that the plaintiff has incorrectly stated those duties and therefore denies allegations contained in paragraph 14 of Count II of Plaintiff's Complaint at Law.**

15.     Notwithstanding said duty and on breach thereof, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, committed one or more of the following negligent acts and/or omissions:

    a.     Negligently and carelessly failed to properly operate, maintain, control and/or secure the pallet jack that existed at the Store;

    b.     Negligently and carelessly failed to properly secure the pallet jack in the Store aisle where customers were present;

-10-

FILED DATE: 8/13/2021 2:04 PM    2021L002185

c.      Negligently and carelessly failed to erect or position warning signs, triangles and/or cones to warn customers of the hazard of the pallet jack existing in the Store aisle where customers are present;

d.      Negligently and carelessly failed to warn customers of the hazard posed by a pallet jack existing in the Store aisle where customers are walking

e.      Failed to maintain the premises so as to prevent defects which could cause the Plaintiff to trip and fall;

f.      Negligently and carelessly failed to properly inspect the Store premises so as to detect dangerous conditions that could cause the Plaintiff to trip and fall, including the unsecured and unprotected pallet jack; and,

g.      Negligently and carelessly failed to use, operate, control and/or secure the pallet jack properly and safely in an area where it was known customers would be present and walking while shopping during business hours.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 15 of Count II of Plaintiff's Complaint at Law and subparagraphs a-g.**

16.      On and before November 1, 2019, as a direct and proximate result of one or more of the above negligent acts and/or omissions of HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, the unsecured and unprotected pallet jack presented an unreasonable risk of harm to persons lawfully on the premises, including ZAMORA.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 16 of Count II of Plaintiff's Complaint at Law.**

17.      As a direct and proximate result of one or more of the aforesaid  negligent acts and/or

-11-

FILED DATE: 8/13/2021 2:04 PM   2021L002185

omissions of HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, Plaintiff, CHRISTOPHER ZAMORA, was caused to trip and fall and sustain injuries of a personal permanent and pecuniary nature.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 17 of Count II of Plaintiff's Complaint at Law.**

WHEREFORE, Defendant Home Depot, prays that this court enter judgement in its favor and against the Plaintiff and to dismiss the Plaintiff's Complaint with prejudice and with costs.

**COUNT III -PREMISES LIABILITY**
**HOME DEPOT U.S.A., INC.**

1. On and before November 1, 2019, and at all times relevant hereto, Defendant , HOME DEPOT, owned, operated, managed, maintained and/or controlled a home improvement retail store commonly known as Home Depot at 475 S. Schmale Road, Carol Stream, Cook County, Illinois (hereafter "Store").

**ANSWER: Defendant Home Depot admits that it leased the store but denies the vague remaining allegations contained in paragraph 1 of Count III of Plaintiff's Complaint at Law.**

2. On and before November 1, 2019, and at all times relevant hereto, HOME DEPOT owned, operated, maintained, inspected, and/or controlled the premises in and around said store.

**ANSWER: Defendant Home Depot admits that it leased the store but denies the vague remaining allegations contained in paragraph 2 of Count III of Plaintiff's Complaint at Law.**

-12-

FILED DATE: 8/13/2021 2:04 PM    2021L002185

3. On and before November 1, 2019, and at all times relevant hereto, HOME DEPOT invited persons onto its premises for the purpose of selling construction-related products, tools, equipment and/or materials including but not limited to hardwood flooring material.

**ANSWER: Defendant Home Depot admits the allegations contained in paragraph 3 of Count III of Plaintiff's Complaint at Law.**

4. On November 1, 2019, Plaintiff, CHRISTOPHER ZAMORA (hereinafter "ZAMORA"), was a business invitee at the aforementioned premises and was lawfully present at the said Store.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 4 of Count III of Plaintiff's Complaint at Law.**

5. On November 1, 2019, and at all times relevant hereto, a pallet jack owned controlled and maintained by HOME DEPOT, existed at the Store for use by currently unknown authorized employees, agents, and/or agents of HOME DEPOT in order to transport pallets of material, including hardwood flooring, in and around the Store for display and sale to customers.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 5 of Count III of Plaintiff's Complaint at Law.**

6. On November 1, 2019, and at all times relevant hereto, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, permitted said pallet jack to exist in an unprotected, unsecured or otherwise dangerous condition on the Store where customers were known to walk while shopping for home improvement

-13-

FILED DATE: 8/13/2021 2:04 PM   2021L002185

products.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 6 of Count III of Plaintiff's Complaint at Law.**

7.  On November 1, 2019, ZAMORA was present at the forementioned Store in order to purchase hardwood flooring materials and was assisted in said purchase by a currently unknown authorized employee, agent and/or apparent agent of HOME DEPOT.

**ANSWER: Defendant Home Depot, Inc. denies the allegations contained in paragraph 7 of Count III of Plaintiff's Complaint at Law.**

8.  On November 1, 2019, and at all times relevant hereto, HOME DEPOT, by and through its currently unknown authorized employees' agents and/or apparent agents, owned, inspected, maintained, managed and controlled the pallet jack that was used by a currently unknown authorized employee, agent , and/or apparent agent of HOME DEPOT, in order to transport the pallets of hardwood flooring for purchase by Plaintiff.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 8 of Count III of Plaintiff's Complaint at Law.**

9.  On November 1, 2019, ZAMORA was caused to trip and fall after he encountered, unprotected, unsecured or in an otherwise dangerous pallet jack in the Store aisle.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 9 of Count III of Plaintiff's Complaint at Law.**

10. On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents and/or apparent agents, knew or in the exercise of reasonable care should have known that the unprotected and  unsecured pallet jack that

-14-

FILED DATE: 8/13/2021 2:04 PM    2021L002185

existed in an area where customers were known to walk while shopping for hardwood flooring materials at the aforesaid Store presented a tripping hazard.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 10 of Count III of Plaintiff's Complaint at Law.**

11. On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or agents, knew or in the exercise of reasonable care should have known that the unprotected and unsecured pallet jack that existed in an area where customers were known to walk shopping for hardwood flooring materials at the aforesaid Store created an unsafe condition.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 11 of Count III of Plaintiff's Complaint at Law.**

12. On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, knew or in the exercise of reasonable care should have known that the area in which the unprotected and unsecured pallet jack existed was an area that business invitees, including ZAMORA, would encounter and walked across while shopping for materials at the Store.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 12 of Count III of Plaintiff's Complaint at Law.**

13. On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, could reasonably expect that business invitees at the aforesaid premises would not discover or realize the unprotected and unsecured pallet jack existed at the Store.

-15-

FILED DATE: 8/13/2021 2:04 PM    2021L002185

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 13 of Count III of Plaintiff's Complaint at Law.**

14.  On and before November 1, 2019, HOME DEPOT, by and through its currently unknown authorized employees, agents and/or apparent agents, had a duty to maintain the aforesaid premises in a reasonably safe manner so as to avoid injuries to person lawfully on the premises including ZAMORA.

**ANSWER: Defendant Home Depot admits those duties imposed upon it by law but states that Plaintiff has incorrectly stated those duties and therefore denies allegations in paragraph 14 of Count III of the Plaintiff's Complaint at Law.**

15.  On and before November 1, 2019, and for sometime prior thereto, there was in full force and effect in the State of Illinois, a certain Act commonly referred to as the Premises Liability Act, establishing the duty of an owner to entrants on the property, which stated in pertinent part.

> The duty owed to such entrants is that of reasonable care under the circumstances regarding the state of the premises or acts done or committed on them.
>
> 740 ILCS 130/2

**ANSWER: Defendant Home Depot admits the existence of the statue quoted but denies its applicability and therefore denies the allegations contained in paragraph 15 of Plaintiff's Count III of Complaint at Law.**

16.  At all times relevant hereto, HOME DEPOT, by and through its currently unknown authorized employees, agents and/or apparent agents, had a duty to exercise reasonable care under the circumstances regarding hesitate of the premises or acts or committed on the

premises.

**ANSWER: Defendant Home Depot, Inc. admits those duties imposed upon it by law but states that Plaintiff has incorrectly stated those duties and therefore denies allegations in paragraph 16 of the Plaintiff's Complaint at Law.**

17.     Notwithstanding said duty and in breach thereof, HOME DEPOT, by and through its currently unknown authorized employees, agents, and/or apparent agents, failed to exercise reasonable care and thereby violated the aforesaid Premises Liability Act in one or more of the following respects:

   a.   Failed to inspect the Store premises so as to detect defects that could cause the Plaintiff to trip and fall, including the unsecured the unprotected pallet jack;

   b.   Negligently and carelessly failed to properly secure the pallet jack in the Store aisle where customers were present;

   c.   Negligently and carelessly failed to erect or position warning signs, triangle and/or cones to warn customers of the hazard of the e pallet jack existing in the Store aisle where customers are present;

   d.   Negligently and carelessly failed to warn customers of the hazard posed by a pallet jack existing in the Store aisle where customers are walking;

   e.   Failed to maintain the premises so as to prevent defects which could cause the Plaintiff to trip and fall;

   f.   Negligently and carelessly failed to properly inspect the Store premises so as to detect dangerous conditions that could cause the Plaintiff to trip and fall, including the unsecured and unprotected pallet jack; and

-17-

FILED DATE: 8/13/2021 2:04 PM    2021L002185

FILED DATE: 8/13/2021 2:04 PM   2021L002185

g.  Negligently and carelessly failed to use, operate, control and/or secure the pallet jack properly and safely in an area where it was known customers would be present and walking while shopping during business hours.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 17 of Count III of Plaintiff's Complaint at Law and subparagraphs a-g.**

18.  As a direct and proximate result of Defendant's violation of the Premises Liability Act, the Plaintiff CHRISTOPHER ZAMORA, was caused to trip and fall and sustain injuries of a personal, permanent and  pecuniary nature.

**ANSWER: Defendant Home Depot denies the allegations contained in paragraph 18 of Count III of Plaintiff's Complaint at Law.**

WHEREFORE, Defendant Home Depot U.S.A. Inc prays that this court enter judgment in its favor and against the Plaintiff and dismiss the Plaintiff's complaint with prejudice and with costs.

Respectfully submitted,

HOME DEPOT USA, INC. a Delaware Corporation
THE HOME DEPOT

BY:    ___/s/ Noel B. Haberek_____
          Noel B. Haberek, Jr.

-18-

FILED DATE: 8/13/2021 2:04 PM   2021L002185

One of Its Attorneys

McVEY & PARSKY, LLC
30 North LaSalle Street, Suite 2100
Chicago, IL  60602
Phone: 312/551-2130
Fax: 312/551-2131

FILED
8/13/2021 2:04 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L002185

14431769

FILED DATE: 8/13/2021 2:04 PM  2021L002185

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

| | |
|---|---|
| **CHRISTOPHER ZAMORA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )          **2021 L 002185** |
| **HOME DEPOT, U.S.A., INC. a foreign** | ) |
| | ) |
| **corporation,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>AFFIRMATIVE DEFENSES</u>

NOW COMES the Defendants, HOME DEPOT U.S.A., INC. by and through their attorneys, McVEY & PARSKY, LLC, and pleads the following Affirmative Defenses without prejudice to its prior denials or statements.

1.      At all times relevant as alleged in the Plaintiff's Complaint, Plaintiff, CHRISTOPHER ZAMORA owed a duty to himself to exercise ordinary care to avoid injury to himself.

2.      Plaintiff, CHRISTOPHER ZAMORA failed to exercise ordinary care in one or more of the following ways:

> a.      Carelessly and negligently failed to keep a proper lookout;
> b.      Carelessly and negligently failed to take reasonable evasive action;
> c.      Carelessly and negligently failed to exercise ordinary care in the position he occupied at the time of the occurrence alleged in the Complaint; and
> d.      Was otherwise careless and negligent.

3.      The occurrence and injuries alleged in the Plaintiff's Complaint are a direct and proximate result of the aforesaid careless and negligent acts by the Plaintiff.

4.      The negligence of fault of the person or entity other than Defendant constitutes an intervening or superseding cause of the Plaintiff's incident.

FILED DATE: 8/13/2021 2:04 PM   2021L002185

5.       The Plaintiff failed to mitigate his damages.

6.       The condition identified in plaintiff's complaint was an open and obvious condition for which this defendant has no duty.

7.       Any amount of judgment for damages entered against Defendants in favor of Plaintiff shall be reduced by the percentage to which the Plaintiff's own negligence or fault contributed to such damages.   If the Plaintiff's own negligence or fault contributing said damages is determined to be in excess of 50%, then judgment is prayed for in favor of Defendants and against the Plaintiff.

8.       If the negligence of any other party or potential parties was the proximate cause of the occurrence, then Defendants are entitled to a reduction of the damages awarded, if any, of the proportion of fault attributed to any other parties or potential defendants.   Further, if Defendants are found to be liable in any amount less than 25% of the total fault attributed, and any other defendants that could have been named, then Defendants are severely liable for damages.

Respectfully submitted,

HOME DEPOT U.S.A., INC.

BY:       */s/ Noel B. Haberek*

Noel B. Haberek, Jr. (#6203567)
One of Its Attorneys

McVEY & PARSKY, LLC
30 N. LaSalle Street, Suite 2100
Chicago, IL  60602
Ph.:    312/551-2130
Fax:    312/551-2131