IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER ZAMORA, | |
| Plaintiff, | |
| v. | Case No. 21-cv-05738 |
| HOME DEPOT U.S.A, INC., | Judge Mary M. Rowland |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Zamora ("Zamora") has sued Defendant Home Depot U.S.A., Inc. ("Home Depot") for damages arising from an incident at a Home Depot store located in Carol Stream, IL. For the reasons stated below, Defendant's motion for summary judgment [57] is denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law controls which facts are material. *Id*. After a "properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 250 (quoting Fed. R. Civ. P. 56(e)).

1

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [ ] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Logan v. City of Chicago*, 4 F.4th 529, 536 (7th Cir. 2021) (quotation omitted). The Court "must refrain from making credibility determinations or weighing evidence." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 467 (7th Cir. 2020) (citing *Anderson*, 477 U.S. at 255). In ruling on summary judgment, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id.*

## BACKGROUND[1]

On November 1, 2019, Zamora visited a Home Depot store located in Carol Stream, IL. [59] at ¶¶ 1, 3. Zamora selected flooring bundles he wanted to purchase, loaded them into his cart, and began to leave the flooring department. *Id.* at ¶¶ 4-5. The flooring bundles are seven feet long, eight inches wide, weigh about 75 pounds, and require two people to carry. [59] at ¶ 6; [62] at ¶ 4. A Home Depot associate, Kent Yanaga ("Yanaga") informed Zamora that he had mistakenly picked up two different kinds of flooring materials. [59] at ¶ 5. Yanaga offered to help Zamora return the

---

[1] These facts are taken from Home Depot's statement of facts [59] and Zamora's statement of additional facts [62] and are undisputed unless otherwise noted.

incorrect flooring material and obtain the correct materials, and Zamora accepted the offer of assistance. *Id.* at 6.

Prior to approaching Zamora, Yanaga had been operating a pallet jack. *Id.* at ¶ 13. A pallet jack is a device made of metal and with three wheels that is used to move pallets. *Id.* at ¶ 10; *see* [62-2] (photo example of a pallet jack). Yanaga parked the pallet jack on the far side of an aisle. [62] at ¶ 28. The pallet jack was parked approximately eight feet from the flooring display. [59] at ¶ 11. The pallet jack forks were facing out towards the aisle and away from the display. [62] at ¶ 12. Yanaga was not pushing the pallet jack when he approached Zamora to offer his help. [59] at ¶ 14.

Yanaga picked the flooring bundle up from one side first, and Zamora then picked the bundle up from the other side. [62] at ¶ 5. Together, Yanaga and Zamora left Zamora's cart and carried the bundle back to the bay it came from, with Zamora walking backwards and Yanaga walking forwards. [59] at ¶ 7; [62] at ¶ 5. Zamora and Yanaga carried the flooring bundle about 30-40 feet, around a corner, and into the aisle, with Zamora walking backwards the entire time. [62] at ¶¶ 7-8. Yanaga provided Zamora with visual prompts with head nods to direct Zamora as they carried the bundle. *Id.* at ¶ 9. As they proceeded into the aisle, Yanaga yelled "watch out" but Zamora's left foot hit one of the forks of the pallet jack, and he fell backwards. [59] at ¶ 12; [62] at ¶¶ 8, 31.

Zamora denies seeing a pallet jack at any time when he was in the flooring department. [59] at ¶ 17.

3

## ANALYSIS

Home Depot contends that it owed no duty to Zamora because the pallet jack was an "open and obvious" condition. [58] at 4-7. Home Depot argues that the pallet jack was not hidden and was in Zamora's immediate vicinity, and that Zamora had multiple opportunities to observe and avoid the pallet jack. *Id.* at 7. Home Depot also argues that Zamora could have looked where he was going rather than rely on visual cues from Yanaga to guide him as he walked backwards with the flooring bundle. *Id.* Home Depot further argues that Zamora could have avoided the pallet jack by turning into the flooring aisle in a different direction. *Id.*

Under Illinois law, "persons who own, occupy, or control and maintain land are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious." *Buchaklian v. Lake Cnty. Fam. Young Men's Christian Ass'n*, 732 N.E.2d 596, 600 (Ill. App. 2d Dist. 2000) (citing *Bucheleres v. Chicago Park Dist.*, 665 N.E.2d 826 (Ill. 1996)). "For a condition to be open and obvious, an invitee must reasonably be expected to discover it and protect himself against it." *Id.* (citing *Deibert v. Bauer Bros. Const. Co., Inc.*, 566 N.E.2d 239 (Ill. 1990)). The obviousness of a condition is "determined by the objective knowledge of a reasonable person, not the plaintiff's subjective knowledge." *Id.* at 602 (quoting *Menough v. Woodfield Gardens*, 694 N.E.2d 1038 (Ill. App. 1st Dist. 1998)).

Determining whether a condition is open and obvious is a question of law when "there is no dispute about the physical nature of the condition." *Wilfong v. L.J. Dodd Const.*, 930 N.E.2d 511, 520 (Ill. App. 2d Dist. 2010) (citing *Belluomini v. Stratford*

4

*Green Condo. Ass'n*, 805 N.E.2d 701 (Ill. App. 2d Dist. 2004)). "However, where there is a dispute about the condition's physical nature, such as its visibility, the question of whether a condition is open and obvious is factual." *Id.*

Here, the visibility of the pallet jack is clearly in dispute. Home Depot contends that Yanaga was standing with the pallet jack directly behind him while he was speaking with Zamora, however Zamora disputes this fact and cites potentially conflicting testimony from Yanaga about the location of the pallet jack during their conversation. *See* [61] at ¶ 15. Zamora testified that he never saw a pallet jack at any time. [59] at ¶ 17. The undisputed facts show that a pallet jack's forks are low to the ground, [62-2], that Yanaga was operating the pallet jack and parked it in the location Zamora tripped over it, [59] at ¶¶ 11, 13, and that Zamora was walking backwards and turning a corner before tripping over the pallet jack's fork, [62] at ¶¶ 7-8.

Where plaintiffs have failed to notice a condition prior to slipping or tripping, courts have routinely found the open and obvious issue to be a question of fact and denied summary judgment. *See Romano v. Roundy's Illinois, LLC*, No. 21-CV-1463, 2022 WL 4356926, at *8 (N.D. Ill. Sept. 20, 2022) (denying summary judgment where plaintiff claimed she did not notice how far cart extended before tripping); *Stephen v. Home Depot U.S.A., Inc.*, No. 18 C 130, 2020 WL 7260803, at *4 (N.D. Ill. Dec. 10, 2020) (denying summary judgment where plaintiff claimed she did not notice hose before tripping); *Ward v. KFC Corp.*, No. 07 C 5562, 2009 WL 497902, at *2 n.1 (N.D. Ill. Feb. 25, 2009) (denying summary judgment where plaintiff claimed he did not notice puddle before slipping); *Buchaklian*, 732 N.E.2d at 602 ("[W]here plaintiff may

5

not have seen a defect in the mat before she tripped, genuine issues of material fact exist as to whether the defect in the mat was an open and obvious danger that plaintiff should have seen.").

The cases Home Depot cites to present significantly different facts. In *McCarty*, although the plaintiff claimed he did not see the sign he tripped over, the undisputed facts showed that he had to have seen the sign to identify the product he was looking for, and that he moved materials to and from the location of the sign multiple times before tripping over it. *McCarty v. Menards*, 319 F. Supp. 3d 974, 986 (N.D. Ill. 2018), *aff'd sub nom. McCarty v. Menard, Inc.*, 927 F.3d 468 (7th Cir. 2019). In *Montenegro*, the plaintiff was walking outdoors and tripped on a crack in a cement walkway, and he admitted that he did not see the crack because he was focused on the door that he was approaching. *Montenegro v. Voltattorni*, No. 1-09-2632, 2011 WL 9918782, at *3 (Ill. App. 1st Dist. Mar. 11, 2011). Unlike those cases, there is a genuine factual dispute here as to the visibility of the pallet jack and whether a reasonable person should have been aware of it.

Zamora has demonstrated that there is a genuine dispute as to whether the pallet jack was an open and obvious condition. Therefore, Home Depot is not entitled to summary judgment. Because the Court finds that the open and obvious doctrine does not apply as a matter of law, it does not reach the applicability of the distraction or deliberate encounter exceptions.

## CONCLUSION

6

For the stated reasons, Defendant's motion for summary judgment [57] is denied.

E N T E R:

Dated: February 6, 2025

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge